UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID BARFIELD AND KEMBERLY BARFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2601** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL** | **SECTION "C" (4)** |

## ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4. Before the Court is defendants' memorandum in support of removal, plaintiffs having submitted no memorandum.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden

of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

Defendants have not met their burden of demonstrating that the jurisdictional minimum existed at the time of removal. Defendants submit that David Barfield has undergone several medical procedures, including x-rays, MRIs and epidural injections to treat an LR-L5 disc herniation. Rec. Doc. 7 at 2-3. To date, medical expenses have totaled $17,477.32. *Id.* at 4. Defendants also state that Barfield may be a candidate for surgery if his current course of injections does not provide sufficient relief. *Id*. However, as defendants admit, surgery at this point is speculative. Thus, without further evidence that the amount in controversy is likely to exceed $75,000, the Court finds that the parties have not shown by a preponderance of the evidence that the jurisdictional minimum exists.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 26th day of January, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**